THE PEOPLE *ex rel.* Cairo & St. Louis Railway Co.

*v.*

GEORGE DUPUYT *et al.*

1. TRUSTEES OF SCHOOLS *have no power to levy tax for railroad purposes.* A township not under township organization has no power to become, through the trustees of schools, a stockholder in a railroad company, with power to issue bonds and levy and collect taxes on the property in the township to pay the bonds.

2. SAME—*scope of their powers.* Trustees of schools are a corporation, or, more strictly speaking, a *quasi* corporation, for the purpose and with the sole and only power of acting in matters pertaining to the public schools of the township, and all other business is foreign to the object for which they were created a body corporate.

3. MUNICIPAL CORPORATIONS—*power to levy and collect taxes.* Section 5, article 9, of the constitution of 1848, authorizing corporate authorities of counties, townships, school districts, etc., to assess and collect taxes for corporate purposes, is a limitation on the taxing power of the State, and under it taxation can not be imposed by a corporation, except for local or corporate purposes.

4. SAME—*not bound by contracts beyond the scope of their powers, or foreign to the purposes of the corporation.* The agents, officers, or even the city council, of a municipal corporation, can not bind the corporation by any contract which is beyond the scope of its powers or entirely foreign to the purposes of the corporation, or which, not being, in terms, authorized, is against public policy.

5. CONSTITUTIONAL LAW. A statute which authorizes the trustees of schools of a township, in a county not under township organization, to order an election in the township for the purpose of voting upon the question of a subscription or donation to a railroad, and to make such subscription, and issue bonds, and to levy and collect taxes for the purpose of paying them, is in violation of section 5, article 9, of the constitution of 1848.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. G. & G. A. KŒRNER, and Mr. WILLIAM R. MORRISON, for the appellant.

Mr. W. H. UNDERWOOD, and Mr. H. C. TALBOT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The question presented by this record is, whether a township, not under township organization, has the power to become, through the trustees of schools, a stockholder in a railroad company, with power to issue bonds, and levy and collect taxes on the property in the township to pay the bonds.

On the 16th day of February, 1865, the legislature passed an act incorporating the Cairo and St. Louis Railroad Company. On the 15th day of April, 1869, an act was passed amending the charter of the company, the third section of which provides, whenever a petition shall be presented to the trustees of schools of any township in any of the counties through or near which said railroad may pass, in which said county the township organization has not been adopted, signed by at least fifty legal voters of the township, praying that an election may be ordered in the township in reference to a subscription or donation to the road, and setting forth the amount of stock proposed to be taken or donation to be made, and specifying the time of the election, it shall be the duty of the trustees, at any regular or special meeting, to order an election. When the election is ordered, it is the duty of the school treasurer to give thirty days' notice of the election at such place in the township as the trustees may direct. At the election, two of the trustees are to act as judges, and one as clerk. If a majority of the votes cast are for subscription or donation, it is the duty of the trustees, in their corporate capacity, and school treasurer, and they are authorized, to issue bonds to said railroad company.

Under this act an election was held in township 2 south, range 10 west, in Monroe county, which resulted in favor of subscription to the capital stock of the company to the amount of $50,000.

The subscription was made, but the trustees subsequently refused to issue bonds. A petition was filed by the company for a *mandamus,* which set out fully the petition for the election, the notice, the order of the trustees, and the result of the election. The circuit court sustained a demurrer to the petition, and dismissed it, with costs.

Section 5, article 9, of the constitution of 1848, which was in force at the time the amendment to the charter of the railroad company was enacted, declares, the corporate authorities of counties, townships, school districts, cities, towns and villages, may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

It has frequently been held by this court, and must be regarded as well settled, that this clause of the constitution is a limitation on the taxing power of the State; that taxation can not be imposed by a corporation, except for local or corporate purposes. *Johnson* v. *Campbell,* 49 Ill. 317; *Harward* v. *St. Clair Drain. Co.* 51 Ill. 132; *Madison County* v. *The People,* 58 Ill. 463.

The question then arises, were the bonds, which the petitioner seeks to compel the trustees of schools to issue, for a corporate purpose? Is the taxation, which must follow the issue of the bonds, to be levied and collected from the property of the township, in order to pay the interest and principal of the bonds, for a purpose corporate in its nature?

A correct determination of this question leads to an examination of the duties, the scope and extent of the powers of trustees of schools in a township not under township organization, and the purposes for which they were given a corporate existence.

Section 23, act of 1865, Gross' Statutes, 690, provides, that each congressional township is hereby established a township for school purposes. The business of the township shall be done by three trustees, to be elected by the legal voters of the township, who, upon their election, as hereinafter provided, shall be a body politic and corporate, by the name and style of trustees of schools of the township. The corporation shall have perpetual existence, and shall have power to sue and be sued, to plead and be impleaded, in all courts and places where judicial proceedings are had. Said trustees shall continue in office three years, and until others are elected and enter upon the duties of their office.

By other sections of the statute, the duties and powers of the trustees are defined to be, authority to appoint a treasurer, who shall be clerk of the board; to lay off the township into one or more school districts, to suit the wishes and conveniences of a majority of the inhabitants of the township; they are invested with the title, care and custody of all school houses and school house sites; all money for school purposes in the township goes into the hands of the treasurer; it is the duty of the trustees to apportion all school funds between the several districts in the township.

From the various provisions of the statute, it is apparent that trustees of schools were created a corporation, or what might more strictly be termed a *quasi* corporation, for the purpose and with the sole and only power of acting in matters pertaining to the public schools of the township. All other business is foreign to the object for which they were created a body corporate.

Dillon on Municipal Corporations, Vol. 1, sec. 381, says: The general principle of law is settled beyond controversy, that the agents, officers, or even city council, of a municipal corporation, can not bind the corporation by any contract which is beyond the scope of its powers, or entirely foreign to the purposes of the corporation, or which (not being, in terms, authorized,) is against public policy.

The building of railroads is so utterly foreign to the objects and purposes for which the trustees of schools were created a corporation by a public statute, we are unable to perceive upon what principle they can embark in an enterprise of that character.

It is well said, by Kent, in Vol. 2, page 298, of his Commentaries, "that corporations are the mere creatures of law, established for special purposes, and derive all their powers from the acts creating them. It is perfectly just and proper that they should be obliged strictly to show their authority for the business they assume, and be confined in their operations to the mode and manner and subject matter prescribed."

In what manner the creating of a debt of $50,000 by this township, to aid in the construction of a railroad, could be construed to advance the interests of common schools, the only purpose for which the trustees were given a corporate existence, we are at a loss to understand.

While the development of the resources of the township by the construction of railroads may justly be regarded as a laudable enterprise, yet such is foreign to the objects for which the trustees of schools were created.

We are aware of no legitimate corporate purpose for which the trustees of schools could incur, and bind the township for a debt of $50,000, but if there were, this subscription to the capital stock of the railroad company could not be regarded as a debt created for a corporate purpose.

In *Taylor* v. *Thompson*, 42 Ill. 9, a tax for a corporate purpose was said to be one to be expended in a manner which shall promote the general prosperity and welfare of the municipality which levies it.

In a later case, *The Board of Supervisors of Livingston County* v. *Weider*, 64 Ill. 427, this court, in referring to the *Taylor* case, said, on due consideration, this court was of opinion that a tax levied for the purpose of saving a community from the evils inseparable from a draft, might be fairly considered a tax for the common good of the munici-

pality, and therefore a legitimate corporate purpose. But in that case a vote of the people authorizing the tax was first to be taken, and the people voted the tax. This was an important fact in determining the case, *and the court went far enough in upholding this tax.*

It may be difficult to determine with precision what is a corporate purpose, in the sense of the constitution, but it is less difficult to determine what is not such a purpose.

The true doctrine is, such purposes, and such only, as are germane to the objects of the welfare of the municipality, at least such as have a legitimate *connection* with their *objects,* and a manifest *relation thereto.* A view more liberal and extended might involve these corporations in much embarrassment, inciting them to prodigal taxation and a lavish expenditure of its proceeds in works more fanciful than really promotive of the best interests of the municipality.

It needs no extended argument to show that the issuing of these bonds, and the necessary taxation that must follow, to raise money to liquidate interest and principal, are not germane to the objects for which the trustees of schools were incorporated, and have no legitimate connection with the objects for which they were created.

If the people of the township can authorize, by a vote, the trustees of schools to incur a heavy railroad debt, which is to be paid by taxation, upon the same principle they could invest them with power to subscribe $50,000 stock in some manufacturing business to be established in the township, issue bonds, and levy and collect taxes to pay them. The latter as well as the former might add to the wealth and general prosperity of the inhabitants of the township, but section 5, article 9, constitution of 1848, prohibits the levy and collection of taxes for either purpose.

The question involved here is not a new one in this court. The same point arose in the case of *Trustees* v. *The People,* 63 Ill. 300, where an act, in all essential particulars the same as

the one under consideration. was held to be unconstitutional. We see no reason for departing from the decision there made.

That part of the act which authorizes a vote, or election to be held, and authorizes a subscription, and the issue of bonds, and the levy and collection of taxes, must be held in violation of section 5, article 9, of the constitution of 1848

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*